```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HAROLD GREEN, individually and
on behalf of all others
similarly situated,

                    Plaintiff,

          -against-                    MEMORANDUM & ORDER
                                       19-CV-3550(JS)(SIL)
FORSTER & GARBUS, LLP,

                    Defendant.
----------------------------------X
Appearances:

For Plaintiff:          Jonathan M. Cader, Esq.
                        Craig B. Sanders. Esq.
                        Sanders Law Group
                        100 Garden City Plaza, Suite 500
                        Garden City, New York  11530

For Defendant:          Robert L. Arleo, Esq.
                        Robert L. Arleo, ESQ., P.C.
                        1345 Sixth Avenue, 33rd Floor
                        New York, New York  10105
```

**SEYBERT, District Judge:**

Presently before the Court in this putative class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), are the objections of Defendant Forster & Garbus, LLP ("Defendant" or "F&G") to Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R") (ECF No. 62) that the summary judgment motion of Plaintiff Harold Green[1] ("Plaintiff") be granted and that Defendant's motion to deny class

---

[1] (See ECF No. 44; hereafter, the "Summary Judgment Motion".)

certification[2] be denied. (See Objections, ECF No. 64.) Plaintiff opposes Defendant's objections. (See Opp'n, ECF No. 66.) Finding this Court lacks subject matter jurisdiction, this case is DISMISSED.

## BACKGROUND[3]

For convenience, the Court summarily states that this case is a result of Plaintiff receiving the Notice from Defendant regarding an alleged debt obligation resulting from credit card transactions. (See R&R at 2.) In the Notice, three different entities are identified, with: the first entity labeled the "Original Creditor"; the second entity labeled the "Judgement [sic] Creditor"; and, the third entity labeled the "Current Owner of Account". (Id. at 3.) There is no indication in the Notice which of the three entities, if any, Defendant represents. (See id.) Moreover, the Notice instructs Plaintiff to pay his debt to F&G as attorneys. (See id.) "Plaintiff avers that, prior to

---

[2] (See ECF No. 18; hereafter, the "Deny Cert. Motion" (docketed as a motion to strike).)

[3] For an in-depth review of this case, the Court refers the reader to Magistrate Judge Locke's recitation of the factual background which gives rise to this action (see R&R, Part I, Section A: Relevant Facts, at 2-3) and his delineation of the procedural history of this case (see id., Section B: Procedural History, at 3-5). Further, unless otherwise defined herein, the Court uses the terms-of-art defined in the R&R, with which the Court assumes the parties' familiarity. Additionally, to the extent the parties refer to the "letter" or "Letter" in their submissions, it should be understood that such is a reference to the subject "Notice" – a collection letter -- discussed in the R&R.

receiving the Notice, he did not know, nor had he dealt or corresponded with" any of the three entities. (Id.)

DISCUSSION

I. Applicable Law

> Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005); Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir.2009). The requirement of subject matter jurisdiction cannot be waived, United States v.Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002), and its absence may be raised at any time by a party or by the court sua sponte. Henderson ex rel. Henderson v. Shinseki, --- U.S. ---, ---, 131 S. Ct. 1197, 1202, 179 L. Ed. 2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); see also FED. R. CIV. P. 12(h)(3).

Bloome v. Silver St. Dev. Corp., Nos. 14-CV-3158, 14-CV-3159, 2014 WL 2624909, at *2 (E.D.N.Y. June 11, 2014). "Because standing is a 'threshold matter' in determining whether the district court had jurisdiction to hear and decide this case, [the Court] address[es] standing at the outset of [its] analysis." Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 80 (2d Cir. 2018) (quoting Anderson Grp., LLC v. City of Saratoga Springs, 805 F.3d 34, 44

(2d Cir. 2015) (internal quotation marks omitted)); see also Kahn v. D&A Services, LLC, No. 20-CV-4792, 2021 WL 1947778, at *1 (S.D.N.Y. May 14, 2021) ("A court lacks the judicial power to hear a party's claims when the party does not have standing." (citing Hillside Metro Assocs., LLC v. JPMorgan Chase Bank, Nat'l Ass'n, 747 F.3d 44, 48 (2d Cir. 2014))).

## II. Analysis

While this matter is before the Court upon Magistrate Judge Locke's thorough and well-reasoned R&R on the underlying Summary Judgment Motion and Deny Cert. Motion, because Defendant challenges Plaintiff's standing and because this Court may proceed only if it has the jurisdiction to do so, the Court turns directly to that issue.

### A. Defendant's Position

Relying upon TransUnion LLC v. Ramirez, -- U.S. --, 141 S. Ct. 2190 (June 25, 2021), Defendant advances its jurisdictional argument asserting that "Plaintiff has not suffered any concrete and/or particularized harm as a result of the Defendant's alleged FDCPA allegations." (See Objection at 8 (emphasis in original); see also id. (citing Kola v. Forster & Garbus, LLP, No. 19-CV-10496, 2021 WL 4135153 (S.D.N.Y. Sept. 10, 2021), for proposition that Plaintiff has not demonstrated any tangible harm).) Rather, because "Plaintiff has not alleged nor proven that he undertook any action to his detriment based upon the alleged confusion

concerning the identity of the creditor, [he] lacks the required Article III standing." (Id. at 9.) Defendant contends the same is true regarding the attempt to collect a debt that is not due: even though it constitutes a violation of the FDCPA, that by itself is insufficient to create Article III standing; instead, a plaintiff must show a FDCPA violation caused harm. (See id. at 10 (citing Markakos v. Medicredit, Inc., 997 F.3d 778 (7th Cir. 2021)).) Hence, notwithstanding the Magistrate Judge's R&R, Defendant advances that this case be dismissed for lack of subject matter jurisdiction. (See id. at 10-11.)

B. Plaintiff's Position

In response, Plaintiff contends "the argument must be rejected insofar as in a post-TransUnion world, Courts considering FDCPA cases must necessarily consider the question of Article III standing as a condition precedent to issuing any decision on the merits." (Opp'n at 15 (stating further that "it is axiomatic that Judge Locke considered this issue, insofar as His Honor could not have addressed the merits of Plaintiff's motion unless Plaintiff had standing to maintain the claims advanced in this case").) Plaintiff encourages the Court to "find that Defendant's knowing obfuscation of the identity of Plaintiff's creditor is sufficient to confer Article III standing on Plaintiff, [because] the misidentification of Plaintiff's creditor would materially impact

Plaintiff's decision to respond to the Letter, or what that response should be, if any." (Id. at 16-17.)

C. The Court's Determination

Defendant's lack-of-standing argument has merit. It contends:

> As confirmed in the letter dated August 19, 2021, filed by the attorney for the Plaintiff, the Complaint filed in the herein action alleges that the least sophisticated consumer would be confused . . . as to which of the entities set forth in the Defendant's letter is the creditor. As the Plaintiff has not alleged nor proven that he undertook any action to his detriment based upon the alleged confusion concerning the identity of the creditor, the Plaintiff lacks the required Article III standing.

(Objection at 9 (emphasis in Objection) (citing Pl.'s Response Letter, ECF No. 56 (stating "[t]he Complaint . . . alleges that the least sophisticated consumer would be confused and would not understand which of these entities (if any) is the creditor to whom the alleged Debt is currently owed"); emphasis in Objection.)

Relying upon Cohen, the Plaintiff would have the Court reject Defendant's lack-of-standing argument, asserting that the R&R properly found the Notice was not clear, i.e., confusing. (Opp'n at 16.) More specifically, he contends:

> [i]nsofar as the Circuit held that "[t]he entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after 'pay to the order of' on the payment check to ensure that the debt is

> satisfied" because it "can cause a debtor confusion and delay in trying to contact the proper party concerning payment on her loan and resolution of the problem[,]" the Court should find that Defendant's knowing obfuscation of the identity of Plaintiff's creditor is sufficient to confer Article III standing on Plaintiff, insofar as the misidentification of Plaintiff's creditor would materially impact Plaintiff's decision to respond to the Letter, or what that response should be, if any.

(Id. (quoting Cohen, 897 F.3d at 87).)  However, under TransUnion, that is not enough.

> TransUnion suggests that it is impermissible for courts to rely on the conclusion that any violation of a given statute automatically establishes standing absent a more searching analysis of the injury. See TransUnion, 141 S. Ct. at 2205 ("[A]n important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law."). Because "[u]nder Article III an injury in law is not an injury in fact," analysis of each plaintiff's injury is required, and "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."  Id. (emphasis in original). Similarly, "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III," and courts may not "treat an injury as 'concrete' for Article III purposes based only on Congress's say-so." Id. (cleaned up).  Given these principles, Plaintiff's citation to pre-TransUnion cases and h[is] attempts to distinguish the FCRA

> provisions at issue in TransUnion from the FDCPA provisions here are unavailing. See Ward[ v. Nat'l Patient Acct. Servs. Sols., Inc., No 20-CV-5902,], 2021 WL 3616067, at *2-3 [(6th Cir. Aug. 16, 2021)] (recognizing that TransUnion abrogated the Sixth Circuit's prior holding -- similar to the Second Circuit's in *Cohen*, 897 F.3d at 81-82 -- that the concreteness requirement was met where FDCPA violations created a material risk of harm to interests recognized by Congress in enacting the FDCPA).

Kola v. Forster & Garbus, LLP, No. 19-CV-10496, 2021 WL 4135153, at *8 (S.D.N.Y. Sept. 10, 2021) (double-underline emphasis added).

"To demonstrate injury in fact, a plaintiff must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." Maddox v. Bank of N.Y. Mellon Trust Co., No. 19-CV-1774, 2021 WL 5347004, at *3 (2d Cir. Nov. 17, 2021) (quoting Strubel v. Comenity Bank, 842 F.3d 181, 188 (2d Cir. 2016)). Notably missing from Plaintiff's Objection is any indication of the concrete injury in fact that he suffered. See, e.g., Ciccone v. Cavalry Portfolio Servs., LLC, No. 21-CV-2428, 2021 WL 5591725, at *2 (E.D.N.Y. Nov. 29, 2021) ("At issue here is the requirement Plaintiffs show a concrete harm. As the Supreme Court began in its recent TransUnion decision: 'No concrete harm; no standing.'" (quoting TransUnion, 141 S. Ct. at 2200)). Indeed, Plaintiff does not advance any meaningful argument that he suffered a harm to a tangible or an intangible interest, but merely baldly

contends "the misidentification of Plaintiff's creditor would materially impact Plaintiff's decision to respond to the Letter." (Opp'n at 17.) Cf. Kola, 2021 WL 4135153, at *5-6 (finding no harm of tangible interest where confusion regarding to whom debt was owed "reflect[ed] only hypothetical, speculative concerns"); see id. at *6-7 (finding no harm to intangible interest where plaintiff was unable to establish a close relationship between her alleged injuries and the "traditional harm" of fraudulent misrepresentation because plaintiff "failed to establish that she relied on the letter in making any decision about paying the debt"); see also Ciccone, 2021 WL 5591725, at *2 (discussing harms to intangible interests which requires establishing a "close relationship" to a harm traditionally recognized). At best, upon the record presented, Plaintiff's purported harm is conjectural since there is no record evidence that the alleged misidentification of his creditor did materially impact his decision to respond to the Notice (cf. Opp'n at 17 (stating "the misidentification of Plaintiff's creditor would materially impact [his] decision to respond to the Letter" (emphasis added))), which falls short of establishing standing to proceed with this action. See Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin., 710 F.3d 71, 79 (2d Cir. 2013), as modified (Mar. 21, 2013) ("The party asserting jurisdiction . . . bears the burden of proof as to standing."). Nor, upon de novo review of the case record, does

the Court find any evidence that Plaintiff suffered a concrete injury sufficient to establish standing. That absence "deprives this Court of subject matter jurisdiction over [Plaintiff's] claims. Accordingly, Plaintiff's claims must be dismissed." Kola, 2021 WL 4135153, at *8.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that this action is DISMISSED for lack of subject matter jurisdiction.

I.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March 29, 2022
           Central Islip, New York